SUE FAHAMI
Acting United States Attorney
District of Nevada
Nevada Bar No. 5634
AFROZA YEASMIN
Assistant United States Attorney
501 Las Vegas Boulevard South, Suite 1100
Las Vegas, Nevada 89101
(702) 388-6336
Afroza.Yeasmin@usdoj.gov
*Attorneys for the United States*



FILED _____   _____ RECEIVED
ENTERED _____   _____ SERVED ON
COUNSEL/PARTIES OF RECORD

APR 14 2025

CLERK US DISTRICT COURT
DISTRICT OF NEVADA
BY:_____ DEPUTY

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JOSEPH MAYORGA,<br><br>Defendant. | No. 2:25-cr-0040-CDS-DJA-1<br><br><br>**Plea Agreement for Defendant Joseph Mayorga Pursuant to Fed. R. Crim. P. 11(c)(1)(A) and (B)** |

This plea agreement between Joseph Mayorga ("defendant") and the United States Attorney's Office for the District of Nevada (the "USAO") sets forth the parties' agreement regarding the criminal charges referenced herein and the applicable sentences, fines, restitution, and forfeiture in the above-captioned case. This agreement binds only defendant and the USAO and does not bind the district court, the U.S. Probation Office, or any other federal, state, local, or foreign prosecuting, enforcement, administrative, or regulatory authorities. This agreement does not prohibit the USAO or any agency or third party from seeking any other civil or administrative remedies, including administrative forfeiture or civil forfeiture *in rem* actions, directly or indirectly against defendant or defendant's property.

This agreement becomes effective upon signature by defendant, defendant's counsel, and an Assistant United States Attorney.

## I. DEFENDANT'S OBLIGATIONS

1.     Defendant agrees to:

a.     At the earliest opportunity requested by the USAO and provided by the district court, appear and plead guilty to the information in this case, which charges defendant with Receipt of Child Pornography in violation of 18 U.S.C. §§ 2252A(a)(2) and (b)(1) (Count One), and Possession of Child Pornography in violation of 18 U.S.C. §§ 2252(a)(5)(B) and (b)(2) (Count Two);

b.     Stipulate to the facts agreed to in this agreement;

c.     Abide by all agreements regarding sentencing contained in this agreement;

d.     Not seek to withdraw defendant's guilty plea once it is entered;

e.     Appear for all court appearances, surrender as ordered for service of sentence, obey all conditions of any bond, and obey any other ongoing court order in this matter;

f.     Not commit any federal, state, or local crime;

g.     Be truthful at all times with the U.S. Probation and Pretrial Services Offices and the Court;

h.     Before and after sentencing, upon request by the Court, the USAO, or the Probation Office, provide accurate and complete financial information, submit sworn statements, and/or give depositions under oath concerning defendant's assets and defendant's ability to pay. As part of the required disclosure, defendant agrees to provide any and all financial information and authorizations requested by the Probation Office for preparation of the Presentence Report. Defendant further agrees that, upon filing of this agreement, the USAO is authorized to obtain defendant's credit report. Defendant will also complete a financial form provided by the USAO, to include all supporting documentation, and return it to the USAO within ten (10) days from entry of the plea. Defendant agrees that the district court may enter

any order necessary to effectuate or facilitate disclosure of defendant's financial information.

i. To facilitate payment of any fine, restitution, or assessment, surrender assets defendant obtained directly or indirectly as a result of defendant's crimes. Defendant agrees to voluntarily release funds and property under defendant's control or in which defendant has any property interest, before and after sentencing, to pay any fine or restitution identified in this agreement, agreed to by the parties, or ordered by the Court.

j. Defendant agrees that restitution shall be ordered due and payable in full immediately after the judgment is entered, and that the full amount of any restitution ordered is subject to immediate enforcement and collection by the USAO or defendant's victims, or both. Defendant agrees that any schedule of payments entered by the district court is a schedule of the minimum payment due and does not prohibit or limit the methods by which the USAO may immediately enforce and collect the judgment in full. Defendant acknowledges that restitution may not be discharged, in whole or in part, in any present or future bankruptcy proceeding.

k. The forfeiture of the property and the imposition of the forfeiture of the property as set forth in this plea agreement and the Forfeiture Allegation of the Criminal Information.

l. The USAO and defendant stipulate and agree that the child pornography images received, distributed, or possessed by defendant depicted images of victims being sexually abused and further agree that a victim's knowledge that images of his or her abuse is being disseminated and possessed by others caused certain victims to be re-victimized and has resulted in harm that is distinct from that suffered from the actual contact physical sexual abuse, thus such victims are harmed by the actions of defendant. In consequence of these factors, if the USAO meets its burden under 18 U.S.C. § 2259 and pursuant to *Paroline v. United States*, 134 S. Ct. 1710 (2014), defendant agrees to pay restitution in the amount of $3,000 to Victim 1, and

3

each victim who may be identified through the Child Victim Identification Program (CVIP) or Child Recognition Identification System (CRIS) and who requests restitution prior to sentencing. Defendant agrees to pay this amount without requiring the USAO to disaggregate the loss attributed to the original sexual abuse or to other persons who disseminated, received, or possessed the child pornography images, from defendant's actions in this case.

## II. THE USAO'S OBLIGATIONS

2.    The USAO agrees to:

     a.    Stipulate to facts agreed to in this agreement;

     b.    Abide by all agreements regarding sentencing contained in this agreement;

     c.    At sentencing, provided that defendant demonstrates an acceptance of responsibility for the offenses up to and including the time of sentencing, recommend a two-level reduction in the applicable sentencing guidelines offense level, pursuant to USSG § 3E1.1, and move for an additional one-level reduction if available under that section; and

     d.    Not bring any additional charges against defendant arising out of the investigation in the District of Nevada which culminated in this agreement and based on conduct known to the USAO. However, the USAO reserves the right to prosecute defendant for (a) any crime of violence as defined by 18 U.S.C. § 16; and (b) any criminal tax violations (including conspiracy to commit such violations chargeable under 18 U.S.C. § 371). Defendant agrees that the district court at sentencing may consider any uncharged conduct in determining the applicable sentencing guidelines range, the propriety and extent of any departure from that range, and the sentence to be imposed after consideration of the sentencing guidelines and all other relevant factors under 18 U.S.C. § 3553(a).

4

## III. ELEMENTS OF THE OFFENSE

3.    Count One: The elements of Receipt of Child Pornography under 18 U.S.C. § 2252A(a)(2) are as follows:

First:        The defendant knowingly received any material that contained an image of child pornogrpahy, as defined in 18 U.S.C. § 2256(8);

Second:    The defendant knew the material depicted child pornography; and

Third:       That such child pornography was, using any means or facility of interstate or foreign commerce, shipped or transported in or affecting interstate or foreign commerce by any means, including by computer.

See 18 U.S.C. §2252A(a)(2).

4.    Count Two: The elements of Possession of Child Pornography under 18 U.S.C. § 2252A(a)(5)(b) and (b)(2) are as follows:

First:        The defendant knowingly possessed, or knowingly accessed with intent to view, material that contained an image of child pornography;

Second:    The defendant knew the material contained child pornography; and

Third:       The child pornography had been mailed, shipped or transported using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce by any means, including by computer, or that was produced using materials that had been mailed, or shipped or transported in or affecting interstate or foreign commerce by any means, including by computer.

See 18 U.S.C. § 2252A(a)(5)(b).

## IV. CONSEQUENCES OF CONVICTION

5.    Maximum and Minimum Statutory Penalties:

a.    Defendant understands that the statutory maximum sentence the district court can impose for a violation of Receipt of Child Pornography as charged in Count One, is: 20 years of imprisonment; lifetime supervised release; a fine of $250,000 or twice the gross gain or gross loss resulting from the offense, whichever is greatest; and a mandatory special assessment of $100. Defendant further understands that a violation of 18 U.S.C § 2252A(a)(2) carries a statutory minimum sentence of five years imprisonment; and a statutory minimum term of supervised release of five years.

b.    Defendant understands that the statutory maximum sentence the district court can impose for a violation of Possession of Child Pornography as charged in Count Two, is: 20 years of imprisonment; lifetime supervised release; a fine of $250,000 or twice the gross gain or gross loss resulting from the offense, whichever is greatest; and a mandatory special assessment of $100.

c.    Defendant understands, therefore, that the total maximum sentence for all offenses to which defendant is pleading guilty is: 40 years of imprisonment; lifetime supervised release; a fine of $500,000 or twice the gross gain or gross loss resulting from the offenses, whichever is greatest; and a mandatory special assessment of $200.

d.    Defendant understands that, pursuant to the Justice for Victims of Trafficking Act of 2015, the Court shall impose an additional $5,000 special assessment per count if the Court concludes that defendant is a non-indigent person, to be paid after defendant's other financial obligations have been satisfied.

e.    Defendant understands and agrees that under the Sex Offender Registration and Notification Act ("SORNA"), 34 U.S.C. § 20901 et. seq., defendant must

6

register as a sex offender and keep the registration current in each of the following jurisdictions: (1) where defendant resides; (2) where defendant is an employee; and (3) where defendant is a student. Defendant understands that he must comply with all the registration requirements contained in SORNA. 34 U.S.C. § 20901 et. seq. Defendant further understands that the requirements for registration include, but are not limited to, providing defendant's name, residence address, and the names and addresses of any places where defendant is or will be an employee or a student. Defendant further understands that the requirement to keep the registration current includes, but is not limited to, informing at least one jurisdiction in which defendant resides, is an employee, or is a student no later than three business days after any change of defendant's name, residence, employment, or student status. Defendant has been advised, and understands, that failure to comply with these obligations subjects defendant to an additional prosecution for failure to register as a sex offender under 18 U.S.C. § 2250(a).

6.    Criminal Forfeiture: Defendant understands that the district court will impose the forfeiture of the property.

7.    Parole Abolished: Defendant acknowledges that defendant's prison sentence cannot be shortened by early release on parole because parole has been abolished.

8.    Supervised Release: Defendant understands that supervised release is a period of time following imprisonment during which defendant will be subject to various restrictions and requirements. Defendant understands that if defendant violates one or more of the conditions of any supervised release imposed, defendant may be returned to prison for all or part of the term of supervised release authorized by statute for the offense that resulted in the term of supervised release.

9.    Factors under 18 U.S.C. § 3553: Defendant understands that the district court must consider the factors set forth in 18 U.S.C. § 3553(a) in determining defendant's sentence.

However, the statutory maximum sentence and any statutory minimum sentence limit the district court's discretion in determining defendant's sentence.

10.    Potential Collateral Consequences of Conviction: Defendant understands that, by pleading guilty, defendant may be giving up valuable government benefits and valuable civic rights, such as the right to vote, the right to possess a firearm, the right to hold office, and the right to serve on a jury. Defendant understands that once the district court accepts defendant's guilty plea, it will be a federal felony for defendant to possess a firearm or ammunition. Defendant understands that the conviction in this case may also subject defendant to various other collateral consequences, including but not limited to revocation of probation, parole, or supervised release in another case and suspension or revocation of a professional license. Defendant understands that unanticipated collateral consequences will not serve as grounds to withdraw defendant's guilty plea.

11.    Potential Removal/Deportation Consequences of Conviction: Defendant understands that, if defendant is not a United States citizen, the felony conviction in this case may subject defendant to removal, also known as deportation, which may, under some circumstances, be mandatory; denial of citizenship; and denial of admission to the United States in the future. The district court cannot advise defendant fully regarding the immigration consequences of the felony conviction in this case, but defendant's attorney has advised him about the deportation risks of his guilty plea. Defendant understands that unexpected immigration consequences will not serve as grounds to withdraw defendant's guilty plea[s].

## V. FACTUAL BASIS

12.    Defendant admits that defendant is, in fact, guilty of the offenses to which defendant is agreeing to plead guilty. Defendant acknowledges that if defendant elected to go to trial instead of pleading guilty, the USAO could prove defendant's guilt beyond a reasonable

doubt and establish its right to forfeit the specified property by preponderance of the evidence. Defendant further acknowledges that defendant's admissions and declarations of fact set forth below satisfy every element of the charged offense. Defendant waives any potential future claim that the facts defendant admitted below are insufficient to satisfy the elements of the charged offense. Defendant admits and declares under penalty of perjury that the facts set forth below are true and correct:

Defendant is the owner of the "Le Boop" account on the social media application Telegram. Additionally, his telephone number begins with 702 and ends with 2371. Beginning no later than January 4, 2023, and until on or about February 26, 2023, defendant via Telegram and text messaging, engaged in continuous daily conversations with a minor female (hereinafter "Victim"). The defendant and the Victim discussed her age, and he knew that she was approximately 13 years old. Despite knowing her age, the defendant initiated an online relationship with the Victim and participated in numerous conversations with her that were sexual in nature. He described to her in detail the sexual acts he wanted to perform on or with her and indicated that he bought sex toys for them to try together. Additionally, in the aforementioned chats, the defendant requested and received several images of child sexual abuse material (CSAM) depicting the Victim.

The defendant also discussed plans to visit the minor in her home state, which is not in Nevada, to engage in sexual activity with her. Ultimately, the defendant did travel to the Victim's home state but was not able to meet with her in person.

In addition to the CSAM of the Victim, the defendant also possessed at least 175 images and 101 videos of child sexual abuse material depicting several minors. The defendant is the owner of the following digital devices, each containing a quantity of CSAM:

9

1) Apple Iphone 13 Pro, Model No. A2483, IMEI No. 1 – 35316580083 0204, IMEI No. 2 – 350165800046876; and

2) Black One Plus Cell Phone, Model No. A6013, IMEI No. 1 – 866241043600330, IMEI No. 2 – 866241043600322;

The foregoing occurred in the State and District of Nevada.

## VI. SENTENCING FACTORS

13.    <u>Discretionary Nature of Sentencing Guidelines</u>: Defendant understands that in determining defendant's sentence, the district court is required to calculate the applicable sentencing guidelines range and to consider that range, possible departures under the sentencing guidelines, and the other sentencing factors set forth in 18 U.S.C. § 3553(a). Defendant understands that the sentencing guidelines are advisory only, that defendant cannot have any expectation of receiving a sentence within the calculated sentencing guidelines range, and that after considering the sentencing guidelines and the other § 3553(a) factors, the district court will be free to exercise its discretion to impose any sentence it finds appropriate between the mandatory minimum and up to the maximum set by statute for the crime of conviction.

14.    <u>Offense Level Calculations</u>: The parties jointly agree and stipulate that, in calculating defendant's advisory guidelines sentencing range, the Court should use the following base offense level and adjustments; acknowledge that these stipulations do not bind the district court; and agree that they will not seek to apply or advocate for the use of any other base offense level(s) or any other specific offense characteristics, enhancements, or reductions in calculating the advisory guidelines range:

<u>Count One</u>:

Base Offense Level [USSG § 2G2.2(a)(2)]:                              22

Prepubescent Minor [USSG § 2G2.2(b)(2)]:                          + 2

10

| | | |
|---|---|---|
| Toddler/S&M [USSG § 2G2.2(b)(4)]: | | + 4 |
| Use of a Computer [USSG § 2G2.2(b)(6)]: | | + 2 |
| 600 or More Images [USSG § 2G2.2(b)(5)]: | | + 5 |
| Adjusted Offense Level: | | 35 |

Count Two:

| | | |
|---|---|---|
| Base Offense Level [USSG § 2G2.2(a)(1)]: | | 18 |
| Prepubescent Minor [USSG § 2G2.2(b)(2)]: | | + 2 |
| Toddler/S&M [USSG § 2G2.2(b)(4)]: | | + 4 |
| Use of a Computer [USSG § 2G2.2(b)(6)]: | | + 2 |
| 600 Or More Images [USSG § 2G2.2(b)(5)]: | | + 5 |
| Adjusted Offense Level: | | 33 |

15.    Reduction for Acceptance of Responsibility: Under USSG § 3E1.1(a), the USAO will recommend that defendant receive a two-level downward adjustment for early acceptance of responsibility unless defendant (a) fails to truthfully admit facts establishing a factual basis for the guilty plea when defendant enters the plea; (b) fails to truthfully admit facts establishing the amount of restitution owed when defendant enters the guilty plea; (c) fails to truthfully admit facts establishing the forfeiture allegations when defendant enters the guilty plea; (d) provides false or misleading information to the USAO, the Court, Pretrial Services, or the Probation Office; (e) denies involvement in the offense or provides conflicting statements regarding defendant's involvement or falsely denies or frivolously contests conduct relevant to the offense; (f) attempts to withdraw defendant's guilty plea; (g) commits or attempts to commit any crime; (h) fails to appear in court; or (i) violates the conditions of pretrial release.

Under USSG § 3E1.1(b), if the district court determines that defendant's total offense level before operation of § 3E1.1(a) is 16 or higher, and if the USAO recommends a two-level

11

downward adjustment pursuant to the preceding paragraph, the USAO will move for an additional one-level downward adjustment for acceptance of responsibility before sentencing because defendant communicated defendant's decision to plead guilty in a timely manner that enabled the USAO to avoid preparing for trial and to efficiently allocate its resources.

16. Criminal History Category: Defendant acknowledges that the district court may base defendant's sentence in part on defendant's criminal record or criminal history. The district court will determine defendant's criminal history category under the sentencing guidelines.

17. Additional Sentencing Information: The stipulated sentencing guidelines calculations are based on information now known to the parties. Defendant understands that both defendant and the USAO are free to (a) supplement the facts in this agreement by supplying relevant information to the U.S. Probation and Pretrial Services Offices and the district court regarding the nature, scope, and extent of defendant's criminal conduct and any aggravating or mitigating facts or circumstances; and (b) correct any and all factual misstatements relating to the district court's sentencing guidelines calculations and determination of sentence. While this paragraph permits both the USAO and defendant to submit full and complete factual information to the U.S. Probation and Pretrial Services Offices and the district court, even if that factual information may be viewed as inconsistent with the facts agreed to in this agreement, this paragraph does not affect defendant's and the USAO's obligations not to contest the facts agreed to in this agreement. Good faith efforts to provide truthful information or to correct factual misstatements shall not be grounds for defendant to withdraw defendant's guilty pleas.

Defendant acknowledges that the U.S. Probation Office may calculate the sentencing guidelines differently and may rely on additional information it obtains through its investigation. Defendant also acknowledges that the district court may rely on this and other additional information as it calculates the sentencing guidelines range and makes other sentencing

12

determinations, and the district court's reliance on such information shall not be grounds for defendant to withdraw defendant's guilty pleas.

## VII. POSITIONS REGARDING SENTENCING

18.     The parties will jointly recommend that the district court sentence defendant to a 97-month term of imprisonment. In the event that a sentence of 97 months is outside defendant's advisory Guideline range as determined by the district court, the parties will jointly request a variance to 97 months. In agreeing to this sentencing recommendation, the parties have taken into consideration all of the factors set forth in 18 U.S.C. § 3553(a) and conclude that a sentence of 97 months is a reasonable sentence.

19.     Defendant acknowledges that the district court does not have to follow the recommendation of either party.

20.     Notwithstanding its agreement to recommend a sentence as described above, the USAO reserves its right to defend any lawfully imposed sentence on appeal or in any post-conviction litigation.

21.     If defendant commits any act that results in the Court finding that defendant is not entitled to a downward adjustment for acceptance of responsibility, the USAO is entitled to argue for any sentence it deems appropriate under 18 U.S.C. § 3553(a).  In any such event, defendant remains bound by the provisions of this agreement and shall not have the right to withdraw defendant's guilty plea.

## VIII. WAIVER OF CONSTITUTIONAL RIGHTS

22.     Defendant understands that by pleading guilty, defendant gives up the following rights:

      a.     The right to persist in a plea of not guilty;

      b.     The right to a speedy and public trial by jury;

13

c.    The right to be represented by counsel—and if necessary have the court appoint counsel—at trial. Defendant understands, however, that, defendant retains the right to be represented by counsel—and if necessary have the court appoint counsel—at every other stage of the proceeding;

d.    The right to be presumed innocent and to have the burden of proof placed on the USAO to prove defendant guilty beyond a reasonable doubt;

e.    The right to confront and cross-examine witnesses against defendant;

f.    The right to testify and to present evidence in opposition to the charges, including the right to compel the attendance of witnesses to testify;

g.    The right not to be compelled to testify, and, if defendant chose not to testify or present evidence, to have that choice not be used against defendant; and

h.    The right to pursue any affirmative defenses; Fourth Amendment or Fifth Amendment claims; any other pretrial motions that have been or could have been filed; and challenges to any adverse pre-trial rulings.

## IX. WAIVER OF APPELLATE RIGHTS

23.    Waiver of Appellate Rights: Defendant knowingly and expressly waives the right to appeal: (a) any sentence imposed within or below the applicable Sentencing Guideline range as determined by the district court; (b) the manner in which the district court determined that sentence on the grounds set forth in 18 U.S.C. § 3742; (c) any other aspect of the conviction, including but not limited to the constitutionality of the statutes of conviction; and (d) any other aspect of the sentence, including but not limited to the constitutionality of any mandatory or standard conditions of supervised release; the denial of any motion for early termination of supervised release; and any order of restitution or forfeiture.

14

24.    Defendant reserves only the right to appeal any portion of the sentence that is an upward departure or variance from the applicable Sentencing Guideline range as determined by the district court.

25.    Waiver of Post-Conviction Rights: Defendant also knowingly and expressly waives all collateral challenges, including any claims under 28 U.S.C. § 2255, to defendant's conviction, sentence, and the procedure by which the district court adjudicated guilt and imposed sentence, except non-waivable claims of ineffective assistance of counsel.

26.    Preservation of Evidence: Defendant acknowledges that the USAO and the agencies investigating this case are not obligated or required to preserve any evidence obtained in the investigation of this case.

## X. FORFEITURE

27.    Defendant knowingly and voluntarily:

a.    Agrees to the district court imposing the civil judicial forfeiture and the criminal forfeiture of:

i.    Apple iPhone 13 Pro, Model No. A2483, IMEI No. 1 - 353165800830204, IMEI No. 2 - 350165800046876; and

ii.    Black One Plus Cell Phone, Model No. A6013, IMEI No. 1 – 866241043600330, IMEI No. 2 – 866241043600322

(all of which constitutes property);

b.    Agrees to the civil judicial forfeiture and the criminal forfeiture of the property;

c.    Forfeits the property to the United States;

d.    Relinquishes all possessory rights, ownership rights, and all rights, titles, and interests in the property;

15

e.    Waives defendant's right to any civil judicial forfeiture proceedings and any criminal forfeiture proceedings of the property (proceedings);

f.    Waives service of process of any and all documents filed in this action and any proceedings concerning the forfeiture of the property arising from the facts and circumstances of this case;

g.    Waives any further notice to defendant, defendant's agents, and defendant's attorney regarding the forfeiture and disposition of the property;

h.    Agrees not to file any claim, answer, petition, and other documents in any proceedings concerning the property; agrees not to contest, and agrees not to assist any other person and entity to contest, the forfeiture; and agrees to withdraw immediately any claim, answer, petition, and other documents in any proceedings;

i.    Waives the statute of limitations, the CAFRA requirements, Fed. R. Crim. P. 7, 11, 32.2, and 43(a), including, but not limited to, forfeiture notice in the charging document, the court advising defendant of the forfeiture at the change of plea, the court having a forfeiture hearing, the court making factual findings regarding the forfeiture, the court announcing the forfeiture at the change of plea and sentencing, the court attaching the forfeiture order to the Judgment in a Criminal Case, and any and all constitutional, statutory, legal, equitable rights, defenses, and claims regarding the property in any proceedings, including, but not limited to, double jeopardy and due process under the Fifth Amendment to the United States Constitution;

j.    Waives all constitutional, statutory, legal, equitable rights, defenses, and claims regarding the property in any proceedings, including, but not limited to, a jury trial under the Sixth Amendment to the United States Constitution;

k.     Waives any and all constitutional, statutory, legal, equitable rights, defenses, and claims regarding the property in any proceedings, including, but not limited to, excessive fines clause and cruel and unusual punishments clause under the Eighth Amendment to the United States Constitution;

l.     Waives any and all constitutional, statutory, legal, equitable rights, defenses, and claims to the property in any proceedings under *Honeycutt v. United States*, 581 U.S. 443 (2017); *United States v. Thompson*, 990 F.3d 680 (9th Cir. 2021); and *United States v. Prasad*, 18 F.4th 313 (9th Cir. 2021);

m.     Agrees to the entry of an Order of Forfeiture of the property to the United States;

n.     Waives the right to appeal any Order of Forfeiture;

o.     Agrees the property is forfeited to the United States and can be taken into custody immediately by the USAO;

p.     Agrees and understands the civil administrative forfeiture, the civil judicial forfeiture, and the criminal forfeiture of the property shall not be treated as satisfaction of any assessment, fine, restitution, cost of imprisonment, and any other penalty the Court may impose upon defendant in addition to the forfeiture;

q.     Agrees and understands that on the government's motion, the court may at any time enter an order of forfeiture or amend an existing order of forfeiture to include subsequently located property or substitute property under Fed. R. Crim. P. 32.2(b)(2)(A) and (C) and 32.2(e);

r.     Acknowledges the amount of the forfeiture may differ from, and may be significantly greater than or less than, the amount of restitution;

17

s.      Agrees to take all steps as requested by the USAO to pass clear title of any forfeitable assets to the United States and to testify truthfully in any judicial forfeiture proceedings. Defendant understands and agrees that the property represents facilitating property of illegal conduct and is forfeitable; and

t.      Admits the property is any visual depiction described in 18 U.S.C. § 2252A, or any book, magazine, periodical, film, videotape, or other matter which contains any such visual depiction, which was produced, transported, mailed, shipped or received in violation of 18 U.S.C. § 2252A(a)(5)(B) and 2252A(a)(2) and any property, real or personal, used or intended to be used to commit or to promote the commission of 18 U.S.C. § 2252A(a)(5)(B) and 2252A(a)(2) or any property traceable to such property and is subject to forfeiture under 18 U.S.C. § 2253(a)(1) and 2253(a)(3).

## XI. RESULT OF WITHDRAWAL OF GUILTY PLEA OR VACATUR/REVERSAL/SET-ASIDE OF CONVICTION

28.    Consequence of Withdrawal of Guilty Plea: Defendant agrees that if, after entering a guilty plea pursuant to this agreement, defendant seeks to withdraw and succeeds in withdrawing defendant's guilty plea on any basis other than a claim and finding that entry into this agreement was involuntary, then (a) the USAO will be relieved of all of its obligations under this agreement and (b) should the USAO choose to pursue any charge that was either dismissed or not filed as a result of this agreement, or that the government agreed to move to dismiss at sentencing as part of this agreement, or that the government agreed to move to dismiss at sentencing as part of this agreement, then (i) any applicable statute of limitations will be tolled between the date of defendant's signing of this agreement and the filing commencing any such action; and (ii) defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such action,

18

except to the extent that such defenses existed as of the date of defendant's signing this agreement.

29.     Consequence of Vacatur, Reversal, or Set-aside: Defendant agrees that if any count of conviction is vacated, reversed, or set aside, the USAO may: (a) ask the district court to resentence defendant on any remaining counts of conviction, with both the USAO and defendant being released from any stipulations regarding sentencing contained in this agreement; (b) ask the district court to void the entire plea agreement and vacate defendant's guilty plea on any remaining counts of conviction, with both the USAO and defendant being released from all their obligations under this agreement; or (c) leave defendant's remaining convictions, sentence, and plea agreement intact. Defendant agrees that the choice among these three options rests in the exclusive discretion of the USAO, and that, should the USAO choose to pursue any charge that was either dismissed or not filed as a result of this agreement, then (i) any applicable statute of limitations will be tolled between the date of defendant's signing of this agreement and the filing commencing any such action; and (ii) defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such action, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

## XII. BREACH OF AGREEMENT

30.     Defendant agrees that if, at any time after this agreement becomes effective, defendant knowingly violates or fails to perform any of defendant's obligations under this agreement ("a breach"), the USAO may declare this agreement breached. All of defendant's obligations are material, a single breach of this agreement is sufficient for the USAO to declare a breach, and defendant shall not be deemed to have cured a breach without the express agreement of the USAO in writing. If the USAO declares this agreement breached, and the district court

finds such a breach to have occurred, then: (a) if defendant has previously entered a guilty plea pursuant to this agreement, defendant will remain bound by the provisions of this agreement and will not be able to withdraw the guilty plea; and (b) the USAO will be relieved of all its obligations under this agreement.

31.     Following the Court's finding of a knowing breach of this agreement by defendant, should the USAO choose to pursue any charge that was either dismissed or not filed as a result of this agreement, or that the government agreed to move to dismiss at sentencing as part of this agreement, then:

a.     Defendant agrees that any applicable statute of limitations is tolled between the date of defendant's signing of this agreement and the filing commencing any such action.

b.     Defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such action, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

c.     Defendant agrees that: (i) any statements made by defendant, under oath, at the guilty plea hearing (if such a hearing occurred prior to the breach); (ii) the agreed to factual basis statement in this agreement; and (iii) any evidence derived from such statements, shall be admissible against defendant in any such action against defendant, and defendant waives and gives up any claim under the United States Constitution, any statute, Federal Rule of Evidence 410, Federal Rule of Criminal Procedure 11(f), or any other federal rule, that the statements or any evidence derived from the statements should be suppressed or are inadmissible.

## XIII. COURT AND UNITED STATES PROBATION AND PRETRIAL SERVICES OFFICE NOT PARTIES

32.   Defendant understands that the Court and the U.S. Probation and Pretrial Services Office are not parties to this agreement and need not accept any of the USAO's sentencing recommendations or the parties' agreements to facts or sentencing factors.

33.   Defendant understands that both defendant and the USAO are free to argue on appeal and collateral review that the district court's sentencing guidelines calculations and the sentence it chooses to impose are not error.

34.   Defendant understands that even if the district court ignores any sentencing recommendation, finds facts or reaches conclusions different from those agreed to by the parties, or imposes any sentence up to the maximum established by statute, defendant cannot, for that reason, withdraw defendant's guilty plea, and defendant will remain bound to fulfill all defendant's obligations under this agreement. Defendant understands that no one—not the prosecutor, defendant's attorney, or the Court—can make a binding prediction or promise regarding the sentence defendant will receive, except that it will be within the statutory maximum.

## XIV. ADDITIONAL ACKNOWLEDGMENTS

35.   Defendant acknowledges that:

a.   Defendant read this agreement, and defendant understands its terms and conditions.

b.   Defendant had adequate time to discuss this case, the evidence, and this agreement with defendant's attorney.

c.   Defendant carefully and thoroughly discussed all terms of this agreement with defendant's attorney.

21

d.    Defendant understands the terms of this agreement and voluntarily agrees to those terms.

e.    Defendant has discussed with defendant's attorney the following: the evidence; defendant's rights; possible pretrial motions that might be filed; possible defenses that might be asserted either prior to or at trial; the sentencing factors set forth in 18 U.S.C. § 3553(a); the relevant sentencing guidelines provisions; and consequences of entering into this agreement.

f.    The representations contained in this agreement are true and correct, including the factual basis for defendant's offense[s] set forth in this agreement.

g.    Defendant was not under the influence of any alcohol, drug, or medicine that would impair defendant's ability to understand the agreement when defendant considered signing this agreement and when defendant signed it.

36.    Defendant understands that defendant alone decides whether to plead guilty or go to trial and acknowledges that defendant has decided to enter defendant's guilty plea[s] knowing of the charges brought against defendant, defendant's possible defenses, and the benefits and possible detriments of proceeding to trial.

37.    Defendant understands that no promises, understandings, or agreements other than those set forth in this agreement have been made or implied by defendant, defendant's attorney, or the USAO, and no additional promises, agreements, or conditions shall have any force or effect unless set forth in writing and signed by all parties or confirmed on the record before the district court.

38.    Defendant acknowledges that defendant decided to plead guilty voluntarily and that no one threatened, coerced, or forced defendant to enter into this agreement.

39.     Defendant is satisfied with the representation of defendant's attorney, and defendant is pleading guilty because defendant is guilty of the charges and chooses to take advantage of the promises set forth in this agreement and for no other reason.

### XV. PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING

40.     The parties agree that this agreement will be considered part of the record of defendant's guilty plea hearing as if the entire agreement had been read into the record of the proceeding.

AGREED AND ACCEPTED

UNITED STATES ATTORNEY'S OFFICE
FOR THE DISTRICT OF NEVADA

SUE FAHAMI
Acting United States Attorney

_____     02/27/2025
AFROZA YEASMIN                       Date
Assistant United States Attorney


J. Mayorga
_____     02/27/2025
JOSEPH MAYORGA                       Date
Defendant


_____     2/27/2025
REBECCA LEVY                         Date
Attorney for Defendant

23